**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4916**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYAN TERRELL DIXON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:05-cr-00210-BO-3)

———————

Submitted: April 26, 2007          Decided: April 30, 2007

———————

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Terrell Dixon pled guilty to one count of conspiracy to make false statements to licensed firearms dealers in connection with the acquisition of firearms, 18 U.S.C. § 371 (2000) (Count One), and possession of a firearm after conviction of a felony, 18 U.S.C. § 922(g)(1) (2000) (Count Six). Over Dixon's objection, the district court applied a cross reference from U.S. Sentencing Guidelines Manual § 2K2.1(c) (2005) to USSG § 2A2.2 (Aggravated Assault). Then, finding that criminal history category III did not adequately represent Dixon's prior criminal conduct,[*] USSG § 4A1.3, p.s., the district court departed upward to category IV and imposed a sentence of 115 months imprisonment. Dixon contends on appeal that the sentence is unconstitutional because he was sentenced under a de facto mandatory guideline system. In consequence, he contends, the district court's factual findings concerning the offense level and upward departure rendered the sentence unreasonable. We affirm.

Because Dixon did not raise this issue in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In sentencing a defendant after

_____

[*]Dixon received no criminal history points for a 2003 incident in which he shot at police officers who were called to a party where a friend of his was injured. Although charges were filed, Dixon was released on bond and temporarily left the state. The pending charges were dismissed when Dixon was charged with the instant offenses.

- 2 -

United States v. Booker, 543 U.S. 220 (2005), the district court must calculate the advisory guideline range and then consider whether that range "serves the factors set forth in [18 U.S.C.A.] § 3553(a) [West 2000 & Supp. 2006)] and, if not, select a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court reviews a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006).

"[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). However, "a defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439). A sentence outside the guideline range is not presumptively unreasonable. Green, 436 F.3d at 457. However, the further the sentencing court diverges from the guidelines, the more compelling the reasons for the divergence must be. Moreland, 437 F.3d at 434.

In light of our precedents, we find no merit in Dixon's claim that our standard of review renders the guidelines per se mandatory, or that his sentence was unreasonable because the district court made factual findings in determining the advisory guideline range and deciding to depart. We further conclude that the court acted reasonably in departing upward to category IV. See United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED